IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PATRICK JEAN-PAUL, )
ET AL., )
 )
      Plaintiffs, )
 )
      v. )      1:15CV00682
 )
WELLS FARGO NATIONAL )
ASSOCIATION, ET AL., )
 )
      Defendants. )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiffs' Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with their pro se Complaint (Docket Entry 2).[1] The Court will grant Plaintiffs' instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

---

[1] Plaintiffs' In Forma Pauperis Application (Docket Entry 1) states that Plaintiff Patrick Jean Paul currently makes $152,000 per year through his employment with Wells Fargo Bank NA and that his monthly financial obligations total $1,159.00 (id. at 1 3). Based on Plaintiffs' representations, it appears they would not qualify to proceed in forma pauperis; however, given the recommendation of dismissal for lack of subject matter jurisdiction, the Court need not evaluate Plaintiffs' financial eligibility for pauper status.

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256–57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider its subject matter jurisdiction as part of the frivolity review. Overstreet v. Colvin, 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that

"[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction has the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

Plaintiffs contend that Defendants are wrongfully, unlawfully, and illegally attempting to sell Plaintiffs' home through foreclosure (Docket Entry 2 at 5) by purportedly "conceal[ing] what they know to be true, misrepresent[ing] the facts, [and] ma[king] false statements [before the Clerk of Superior Court in Cabarrus County, North Carolina (Civil No. 15-SP-284)]" (id. at 8). Plaintiffs aver that neither Defendants nor their agents have verified or validated the amount of money Plaintiff purportedly

3

owes Defendant Wells Fargo National Association, further making the foreclosure wrongful and illegal. (Id. at 5, 7-11.)

Plaintiffs maintain that "[t]his [C]ourt has jurisdiction under 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs." (Docket Entry 2 at 4, 13.) In support of this contention, Plaintiffs allege that they are "residents of the State of North Carolina" and that Defendant Wells Fargo National Association "is a corporation organized and existing under the laws of the State of North Carolina," Defendant Aaron B. Anderson "is an individual believed to reside in the state of North Carolina," and Defendant Trustee Services of Carolina, LLC "is a corporation organized and existing under the laws of the State of North Carolina." (Id. at 2).

Based on these allegations, Plaintiffs cannot carry their burden of establishing diversity subject matter jurisdiction under 28 U.S.C. § 1332(a), because Plaintiffs are citizens of the same state as at least one Defendant. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement.

Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina.").

Moreover, although Plaintiffs' Complaint references several federal statutes (see, e.g., Docket Entry 2 at 7 (Civil Rights Attorney's Fee Award Act of 1796, 90 Stat. 2641, as amended 42 U.S.C. 1988), 12-13 ("TITLE 15 Chapter 41 Sub V section 1692 - DEBT COLLECTION PRACTICES," a/k/a 15 U.S.C. § 1692 et seq.), 21 (12 U.S.C. § 1813)), as well as the United States Constitution (see, e.g., id. at 2 (asserting rights under the Seventh Amendment to the United States Constitution and demanding jury trial), 3 (providing notice "under authority of the supremacy and equal protection clauses of the United States Constitution")), Plaintiffs do not attempt to assert any federal causes of action. Rather, Plaintiffs seek damages for Defendants' purported "willful fraud, willful misrepresentation, willful breach of trust, . . . willful dishonest service to the public, willful making false statements, . . . aggravation, inconvenience, defamation, and intentional affliction of emotional duress" (Docket Entry 2 at 28), which do not constitute recognizable federal causes of action. As a matter of law, the Complaint thus fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous in this Court.

5

**IT IS THEREFORE ORDERED** that Plaintiffs' Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

                                        /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                  **United States Magistrate Judge**

September 30, 2015